IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Terry Boggs and Vicky Boggs, | ) | Civil Action No. |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **NOTICE OF REMOVAL** |
| | ) | |
| Harleysville Preferred Insurance Company and the Stover Company, Inc., | ) ) | |
| | ) | |
| Defendants. | ) ) | |

YOU ARE HEREBY NOTIFIED that, pursuant to 28 U.S.C. § 1446, Defendant Harleysville Preferred Insurance Company (hereinafter "Harleysville"), hereby files this Notice of Removal of the above-captioned action from the Court of Common Pleas for Greenville County, State of South Carolina, to the U.S. District Court for the District of South Carolina, Greenville Division.

### I. STATEMENT OF COMMENCEMENT OF ACTION

The above captioned matter was commenced by Plaintiffs by the filing of a Summons and Complaint on November 18, 2014 and serving same on Harleysville on January 23, 2015. Service on Harleysville was accomplished by sending a copy of the Summons and Complaint by certified mail to the South Carolina Department of Insurance. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days of receipt by Harleysville of the initial state court pleading.

### II. PLEADINGS AND NOTICE TO STATE COURT

A true and correct copy of all process, pleadings, and orders served upon Harleysville are attached hereto as Exhibit "A" and are being filed along with this Notice of Removal. A copy of

this Notice of Removal has been provided to the Clerk of Court for the Greenville County Court of Common Pleas.

## III.     STATEMENT OF STATUTORY BASIS FOR JURISDICTION

This action is within the original jurisdiction of the U.S. District Court pursuant to 28 U.S.C. § 1332.  This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C.A. § 1332(a)(1).  As discussed in detail below, this action satisfies both statutory requirements.

## IV.    AMOUNT IN CONTROVERSY

Plaintiffs seek to recover from Harleysville based on allegations of breach of contract and bad faith refusal to pay insurance benefits under a homeowner's insurance policy ("Policy") which, according to the Complaint, has personal property limits exceeding One Hundred Eighty-Eight Thousand Dollars.  (Compl. ¶ 7.)  In their Complaint, Plaintiffs do not specify the amount of recovery sought, but they request actual and special damages, punitive damages, and attorneys' fees, each of which must be included in the determination of the amount in controversy. (*Id.* at ¶¶ 17, 20.)  "Punitive damages are properly considered in determining whether the amount in controversy exceeds the jurisdictional minimum."  15 James Wm. Moore, *Moore's Federal Practice* § 102.106[4], at 102-176 (3d ed. 1999).  As stated by the United States Supreme Court in *Bell v. Preferred Life Assurance Society*, 320 U.S. 238 (1948), "Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount."  *Id.* at 240.

Plaintiffs also allege that they are entitled to recover their attorneys' fees. (Compl. ¶ 20). A claim for attorneys' fees must also be included in the determination of the amount in controversy. *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) (holding attorneys' fees allowed under state statute was part of amount in controversy for determining removal jurisdiction). Thus, taking into account actual damages, punitive damages, and attorneys' fees, the amount in controversy is satisfied.[1]

## V.  CITIZENSHIP OF THE PARTIES

The Complaint alleges that Plaintiffs are citizens of Anderson County, South Carolina. (Compl. ¶ 1). Harleysville was at the time of filing and still is an insurance company operating under the laws of the state of Pennsylvania, with its principal place of business in Pennsylvania and, accordingly, is not a citizen of the State of South Carolina pursuant to 28 U.S.C. §1332(c)(1). (*Id.* at ¶ 2). Because Harleysville is not a citizen of the State of South Carolina, there is diversity between Harleysville and Plaintiffs.

The Complaint also names the Stover Company, Inc. ("Stover") as a defendant and alleges that it is a corporation organized under the laws of the state of South Carolina. (*Id.* at ¶ 3). Plaintiffs' attempted joinder of Stover in this lawsuit does not preclude diversity jurisdiction because it has been fraudulently joined for the sole purpose of defeating removal. Under the doctrine of fraudulent joinder, Stover's citizenship can be disregarded for purposes of determining the existence of diversity jurisdiction.[2] *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

---

[1] Harleysville reserves the right to contest Plaintiffs' entitlement to actual damages, consequential damages, punitive damages, attorneys' fees, costs and disbursements, or any other relief, on all available grounds.

[2] Stover's citizenship can also be disregarded with respect to the 28 U.S.C. § 1441(b) removal requirement that no defendant be a citizen of the state in which the action was commenced.

3

## VI.  FRAUDULENT JOINDER

### A.  Standard for Determining Fraudulent Joinder.

"The 'fraudulent joinder' doctrine permits removal when a non-diverse party is (or has been) a defendant in the case." *Id.* As explained by the Fourth Circuit:

> "Fraudulent joinder" is a term of art, it does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the non-diverse defendant, or *in fact* no cause of action exists.

*AIDS Counseling & Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (emphasis in original). To remove an action based on fraudulent joinder, "the defendant must show that the plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232-33 (4th Cir. 1993).

Federal courts in many jurisdictions have held that diversity jurisdiction is proper where an insurance company is a diverse, non resident defendant and its agent has been fraudulently joined. *See, e.g., Griggs v. State Farm Lloyds*, 181 F.3d. 694 (5th Cir. 1999); *Schwartz v. State Farm Mutual Automobile Ins. Co.*, 174 F.3d 875 (7th Cir. 1999); *Anderson v. Home Ins. Co.*, 724 F.2d 82 (8th Cir. 1984); *Thiele v. State Farm Mutual Automobile Ins. Co.*, 973 F. Supp. 1091 (N.D. Ind. 1997); *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245 (E.D. Cal. 1992); *Bodines, Inc. v. Federal Ins. Co.*, 601 F. Supp. 47 (N.D. Ill. 1984).

### B.  The Complaint Does Not Set Forth A Viable Cause of Action Against Stover.

Plaintiffs allege that Harleysville denied benefits to the Plaintiffs under a homeowner's insurance policy. Plaintiffs assert causes of action against Harleysville for breach of insurance contract and bad faith claims practices based on Harleysville's position that it is unable to pay

additional replacement costs until the Plaintiffs provide proof that their personal property has in fact been replaced.  In particular, the Policy requires that actual repair or replacement have been completed in order for Harleysville to pay more than the actual cash value for loss or damage.

While it is evident that the primary target of the Complaint is Harleysville, Plaintiffs also include a cause of action for professional negligence against Stover, the insurance agency that sold Plaintiffs the Policy.  (Compl. ¶¶ 21-28).  Plaintiffs assert that Stover failed to advise them when they purchased the Policy about the availability of other similar policies and that Plaintiff purportedly received no assistance from Stover with their claim.  (*Id.* at ¶¶ 23-28).

In order to state a claim for professional negligence, Plaintiffs must prove that Stover failed to conform to the generally recognized and accepted practices in its profession.  *Pittman v. Stevens*, 364 S.C. 337, 341, 613 S.E.2d 378, 380 (2005).  The Plaintiffs cannot recover for professional negligence against Stover because there is no generally recognized practice for an agent to advise the insured about similar coverage options at the time of application or to instruct an insurance company regarding whether and how to pay a claim.

Assuming *arguendo* that Plaintiffs' claim against Stover is for general negligence, it is impossible for the Plaintiff to recover on a negligence claim against Stover under South Carolina law because there is no duty for an insurance agent to advise an insured at the point of application and no duty in tort when economic harm is at issue.  Furthermore, allegations that the Policy was not explained at the time of application cannot support a professional negligence claim where additional benefit payments were denied due to the Plaintiffs' failure to provide proof that they in fact replaced the damaged items.  Indeed, the only reason that Stover has been added as a party is to attempt to prevent removal of this action to federal court.  *See Bessinger v. Food Lion, Inc.*, 305 F. Supp. 2d 574 (D.S.C. 2003) (making reference to actions of plaintiff

indicating that naming of nondiverse store managers was motivated by desire to defeat defendant's right to remove and permitting removal based on fraudulent joinder). Accordingly, removal is proper under these circumstances.

### 1. There is no legal duty to advise at the time of application.

"An essential element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. Without a duty, there is no actionable negligence." *Bishop v. S.C. Dep't of Mental Health*, 502 S.E.2d 78, 81 (1998).

Here, the Plaintiffs cannot establish a negligence claim against Stover for failing to advise Plaintiffs about the Policy because an insurance agent in South Carolina has no duty to advise an insured at the point of application. *See O'Conner v. Bhd. of R.R. Trainmen*, 217, S.C. 442, 448, 60 S.E.2d 884, 886 (1950) (holding no relation of trust and confidence existed between the insurance applicant and the soliciting agent where they had not known each other prior and the agent did nothing to prevent the applicant from reading the application); *Trotter v. State Farm Mut. Auto. Ins. Co.*, 297 SC 465, 377 S.E.d2d 343 (Ct. App. 1987) (noting the principal that generally an agent owes no duty to advise an insured). The Plaintiffs do not allege that Stover failed to procure the coverage that they were seeking, only that Stover purportedly did not advise Plaintiffs of similar coverage from other companies. (Compl. ¶ 26). Accordingly, Plaintiffs' negligence claim fails because there is no duty for Stover to advise the Plaintiffs about similar types of coverage at the time of application. *See Houck v. State Farm Fire and Cas. Ins. Co.*, 366 S.C. 6, 14, 620 S.E.2d 326, 330 (2005) (holding where there is no undertaking, there is no duty of an agent to advise insured about policy options). Therefore, Stover's citizenship should be disregarded for purposes of removal under the doctrine of fraudulent joinder.

### 2. Plaintiffs may not recover in tort when solely economic harm is at issue.

Professional negligence is also not a viable claim against Stover because no circumstances have been alleged which would give rise to any duty in tort owed to Plaintiffs to prevent the alleged economic harm. This was the basis for a finding of fraudulent joinder by the District Court for the District of South Carolina in a similar decision involving an insurance company and its agent. *See Sullivan v. New York Life Insurance Company*, Civ. A. No. 3:09-cv-01937-JFA (D.S.C. Jan. 19, 2010) (attached hereto as Exh. "B").

When economic harm is at issue, rather than personal injury, the existence of a duty of due care to the plaintiff cannot be presumed. This is especially true when there are allegations of a contractual relationship. *See Timmons v. Starkey*, 671 S.E.2d 101, 106 (Ct. App. 2008) (holding, in suit against broker-dealer, that "[a]ny duty to prevent the removal of funds from [the investor's] account arises solely from the parties' contractual relationship").

Here, the Plaintiffs allege that they relied on Stover to explain the subject homeowner's insurance policy and other coverage options at the time that they purchased the Policy. (Compl. ¶ 25). The Plaintiffs claim that they suffered damages "as set forth hereinabove" which is previously explained in the Complaint as damages resulting from "Defendants' refusal to pay Plaintiffs' claims in accordance with The Policy provisions." (Compl. ¶¶ 12, 20). There is no legal duty of care owed by Stover to the Plaintiffs to ensure that Harleysville pays the Plaintiffs benefits under an agreement between the Plaintiffs and Harleysville.

Furthermore, under the economic loss rule, Plaintiffs cannot rely on duties that arise by way of any purported contracts to support a tort claim. Absent allegations showing the existence of a duty of due care in tort, a negligence claim seeking damages solely for economic loss is not viable. *See Flagstar Bank, FSB v. First Citizens Bank*, 2009 U.S. Dist. LEXIS 54289 (D.S.C.

June 17, 2009) (dismissing negligence claim under Rule 12(c) because "[plaintiff] has failed to plead or direct the court to any other legal basis for imposing a duty of due care on Defendants . . . . beyond the duty arising out of the contractual relationship evidenced by the Agreements.  The court, therefore, dismisses the negligence claim . . . based on the absence of a non-contractual duty of due care.").

### 3. There is no viable professional negligence claim because nothing Stover did or did not do affected Harleysville's decision.

There can be no professional negligence claim against Stover because nothing it did or did not do affected the decision of Harleysville not to make additional payment for replacement costs.  As explained in a letter to Plaintiffs' attorney on November 27, 2013, in order to pay replacement cost for any lost item pursuant to the Policy, Harleysville needed receipts from Plaintiffs detailing the items that they had purchased.  (*See* November 27, 2013 letter to Michael Coulter, attached hereto as Exh. "C").[3]  However, Plaintiffs neither responded to the November 27, 2013 letter, nor submitted the necessary receipts or itemizations for purchases.  Plaintiffs' inaction, not Stover's, was the cause of Harleysville's decision.  As a result, Stover cannot have been negligent as a matter of law due to Harleysville's decision.

For all of the aforementioned reasons, Plaintiffs cannot state a claim for professional negligence against Stover, and Stover's inclusion as a defendant was solely for the purpose of defeating diversity jurisdiction.

---

[3] It is well settled law that district courts are permitted to consider evidence outside the Complaint when determining fraudulent joinder. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) ("[A] federal court may consider 'summary judgment–type evidence such as affidavits and deposition testimony' when reviewing a fraudulent joinder claim."); *see, e.g.*, *Carter v. Hitachi Koki U.S.A. Ltd.*, 445 F. Supp. 2d 597, 601 (E.D. Va. 2006) (holding that court may consider affidavits and other evidence outside pleadings to resolve claim of fraudulent joinder)

### VII. JOINDER OF DEFENDANTS IN REMOVAL

The joinder of Stover in this removal is unnecessary because it has been fraudulently joined in this matter. Fraudulently joined defendants need not join in a Notice of Removal. *See, e.g., McKinney v. Rodney C. Hunt Co.*, 464 F. Supp. 59, 62 (W.D.N.C. 1978) (stating that while "each and every defendant who can meet the jurisdictional requirements of 28 U.S.C.A. § 1441 must join in a petition for removal . . . . A caveat to the general rule is that . . . defendants fraudulently joined may be disregarded . . . .").

### VIII. CONCLUSION

WHEREFORE, Defendant Harleysville Preferred Insurance Company, hereby removes this matter from the Court of Common Pleas of the State of South Carolina, Greenville County, to the United States District Court for the District of South Carolina, Greenville Division, pursuant to 28 U.S.C. §§ 1332 and 1446.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Alana Odom Williams*
   Alana Odom Williams
   Federal Bar No. 8094
   E-Mail: alana.williams@nelsonmullins.com
   Graham R. Billings
   Federal Bar No. 11796
   E-Mail: graham.billings@nelsonmullins.com
   1320 Main Street / 17th Floor
   Post Office Box 11070 (29211-1070)
   Columbia, SC  29201
   (803) 799-2000

*Attorneys for Defendant Harleysville Preferred Insurance Company*

Columbia, South Carolina
February 23, 2015