# Exhibit A
*(State Court Pleadings)*



# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105
Telephone: (803) 737-6160

**NIKKI R. HALEY**
Governor

**RAYMOND G. FARMER**
Director

January 23, 2015

RECEIVED

JAN 30 15

LAW DEPT.

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
HARLEYSVILLE PREFERRED INSURANCE COMPANY
ATTN: Associate General Counsel
355 MAPLE AVENUE
HARLEYSVILLE, PA 19438-2297

Dear Sir:

On January 23, 2015, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process.** When replying, please refer to File Number 157262, <u>Terry Boggs , et al.</u> v. HARLEYSVILLE PREFERRED INSURANCE COMPANY, et al., 2014-CP-23-6357.

By:

*David E. Belton* (signature)

David E. Belton
Senior Associate General Counsel
(803)737-6132

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:     Wes A. Kissinger
        Post Office Box 3547
        Spartanburg, SC        29304

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF GREENVILLE | ) | |
| | ) FILED-CLERK OF COURT | |
| Terry Boggs and Vicky Boggs, | ) GREENVILLE CO. CIVIL ACTION COVERSHEET | |
| | Plaintiffs ) PAUL B. WICKENSIMER | |
| | ) | 14- CP - 23- 6351 |
| vs. | ) 2014 NOV 18 PM 3 39 | |
| | ) | |
| Harleysville Preferred Insurance Company | ) | |
| and the Stover Company, Inc. | ) | |
| Defendants. | ) | |

| (Please Print) | SC Bar #: | 13949 |
|---|---|---|
| Submitted By: Wes A. Kissinger | Telephone #: | (864) 581-5100 |
| Address: Harrison, White, Smith, and Coggins | Fax #: | (864) 542-2993 |
| 178 West Main St. | Other: | |
| Spartanburg, SC 29304 | E-mail: | WKissinger@spartanlaw.com |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)

*If Action is Judgment/Settlement do not complete

☒ JURY TRIAL demanded in complaint.   ☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☐ Foreclosure (420) |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Sexual Predator (510) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Mandamus (520) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Habeas Corpus (530) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| ☐ Other (599) | ☐ Transcript Judgment (740) | ☐ Forfeiture (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Other (899) | ☐ SCDOT (950) |
| | ☐ Other (799) | | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Administrative Law Judge (980) |
| | | | ☐ Public Service Commission (990) |
| Special/Complex /Other | | | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | | |
| ☐ Other (699) | | | |

Submitting Party Signature: _____    Date: N.v. 13, 2014

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (8/06)                                                                                                          Page 1 of 2

## FOR MANDATED ADR COUNTIES ONLY
Florence, Horry, Lexington, Richland, Greenville and Anderson

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** You must comply with the Supreme Court Rules regarding ADR.
Failure to do so may affect your case or may result in sanctions.

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF GREENVILLE ) | THIRTEENTH JUDICIAL CIRCUIT |
| Terry Boggs and Vicky Boggs, ) | |
| Plaintiffs, ) | SUMMONS |
| vs. ) | |
| Harleysville Preferred Insurance ) Company and the Stover Company, Inc. ) | C.A. No: 14-CP-23-6357 |
| Defendants. ) | |

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to answer the Complaint in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to same upon the subscribed at 178 West Main Street, Post Office Box 3547, Spartanburg, South Carolina 29304, within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within thirty (30) day period, the Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

Harrison, White, Smith & Coggins, P.C.

Wes A. Kissinger
SC Bar No.: 13949
178 W. Main Street
PO Box 3547
Spartanburg, SC 29304
(864) 585-5100
Attorneys for the Plaintiff

Spartanburg, South Carolina

Nov- 13, 2014

```
STATE OF SOUTH CAROLINA      )    IN THE COURT OF COMMON PLEAS
                             )    THIRTEENTH JUDICIAL CIRCUIT
COUNTY OF GREENVILLE         )
                             )
Terry Boggs and Vicky Boggs, )
                             )
            Plaintiffs,      )    COMPLAINT
                             )    (Jury Trial Demanded)
vs.                          )
                             )
Harleysville Preferred Insurance )
Company and the Stover Company, Inc. )
                             )    C.A. No: 14-CP-23-6357
            Defendants.      )
                             )
```

Plaintiffs, by and through their undersigned counsel of record, file this Complaint and allege the following:

## GENERAL ALLEGATIONS

1. Plaintiffs Terry Boggs and Vicky Boggs are citizens and residents of Anderson County, South Carolina.

2. Defendant, Harleysville Preferred Insurance Company (hereinafter "Defendant Harleysville") is upon information and belief, a corporation organized in the State of Pennsylvania that conducts business in the State of South Carolina in several counties, including Anderson County and Greenville County.

3. Defendant, Stover Company, Inc. (hereineafter "Defendant Stover") is upon information and belief, a corporation organized in the State of South Carolina that owns property and conducts business in Greenville County, South Carolina.

4. This action arises from the purchase of an insurance contract in Greenville County, South Carolina providing homeowner's insurance coverage for the home previously owned by Plaintiffs at 229 East Thistle Lane Greenville, South Carolina.

5. The Court has jurisdiction of the parties and subject matter of this action, and venue is proper

6. This action is brought, in part, pursuant to the Uniform Declaratory Judgment Act S.C. Code §15-53-10 et seq.

7. On or about November 20, 2009 Defendant Harleysville, through agent The Stover Company issued homeowner's policy number ▮▮▮▮7686 (hereinafter "The Policy") to Plaintiffs, said policy providing in part coverage for replacement cost of personal property lost due to theft, with personal property limits exceeding One Hundred Eighty Eight Thousand ($188,000.00) Dollars. Plaintiffs, in fact, purchased the "Signature Plus" homeowner's policy because it was represented to them that said policy provided for replacement cost and superior service from Defendant Harleysville.

8. The policy premium was paid by Plaintiffs and The Policy was renewed on an annual basis by Defendants.

9. On or about August 15, 2012 Plaintiffs returned to their home at 229 East Thistle Lane in Greenville to find that their home had been broken into, had been ransacked, and that several items of personal property had been vandalized or stolen. Plaintiffs contacted the Greenville County Sheriff's office to report the theft and vandalism of their property, but unfortunately the investigation did not lead to any arrests.

10. Plaintiffs timely reported the theft and vandalism of their property to Defendants, submitted itemizations of personal property stolen and destroyed, and otherwise cooperated with Defendants' investigation of Plaintiffs' insurance claim.

11. In spite of Plaintiffs' continual cooperation with Defendants and repeated submission of information and documentation requested by Defendant Harleysville, Defendant

Harleysville has refused to pay the replacement cost of all personal property lost by Plaintiffs as a result of the August 15, 2012 incident as required by the terms of The Policy.

12. As a result of Defendants' refusal to pay Plaintiffs' claim in accordance with The Policy provisions, Plaintiffs have lost tens of thousands of dollars, resulting in tremendous financial hardship and unnecessary anxiety.

### PLAINTIFFS' FIRST CAUSE OF ACTION
### AS TO DEFENDANT HARLEYSVILLE
### (BREACH OF INSURANCE CONTRACT)

13. Plaintiffs incorporate herein by reference each and every allegation set forth hereinabove as if repeated verbatim.

14. The Policy purchased by Plaintiffs states in pertinent part:

"We" will pay no more than the least of the following amounts:

(1) Replacement cost at the time of loss without deduction for depreciation;"

15. Plaintiffs, since the date of the incident made the basis of their claim, have cooperated with Defendant Harleysville and have provided all information and documentation requested in pursuit of their claim for replacement cost.

16. In spite of Plaintiffs' efforts, Defendant Harleysville has paid Plaintiffs only a portion of their loss and is in breach of its insurance contract with Plaintiffs.

17. As a direct result of Defendant Harleysville's breach of insurance contract, Plaintiffs have lost tens of thousands of dollars and suffered tremendous financial hardship and unnecessary anxiety.

### PLAINTIFFS' SECOND CAUSE OF ACTION
### AS TO DEFENDANT HARLEYSVILLE
### (BAD FAITH CLAIMS PRACTICES)

18. Plaintiffs incorporate herein by reference each and every allegation set forth hereinabove as if repeated verbatim.

19. Defendant Harleysville, in violation of S.C. Code § 38-59-20, has knowingly misrepresented to Plaintiffs pertinent facts at issue with respect to coverages and has been unreasonable in its failure to pay or settle in full the legitimate claims of Plaintiffs. Moreover, Defendant Harleysville has compelled Plaintiffs to institute suit to recover amounts reasonably due under the policy and has offered to settle Plaintiffs' claim for an amount less than the amount reasonably due.

20. Defendant Harleysville's claims practices and refusal to pay Plaintiffs' claim for replacement cost has been made in bad faith and upon information and belief, subjects Defendant Harleysville to payment of extra-contractual damages and attorneys' fees.

## PLAINTIFFS' FIRST CAUSE OF ACTION AS TO DEFENDANT STOVER
## (PROFESSIONAL NEGLIGENCE)

21. Plaintiffs incorporate herein by reference each and every allegation set forth hereinabove as if repeated verbatim.

22. Defendant Stover is in the business of selling insurance policies to individuals such as Plaintiffs and has significant knowledge of homeowner's coverage provided by numerous insurers, including Defendant Harleysville.

23. Defendant Stover, by and through its agents and/or employees advised Plaintiffs to purchase The Policy, specifically selling them on the replacement cost aspect of the "Signature Plus" endorsement provided by Defendant Harleysville.

24. When the loss complained of by Plaintiffs occurred, however, Plaintiffs received no assistance from Defendant Stover with their claim.

25. Plaintiffs relied upon Defendant Stover and its recommendation, through its employees and/or agents in purchasing The Policy and but for the recommendation of Defendant Stover would not have done so.

26. Defendant Stover, while selling The Policy to Plaintiffs, failed to inform them of the nature, scope, or availability of similar coverage from other insurance companies.

27. Defendant Stover, while acting as agent of Defendant Harleysville was negligent in failing to properly advise Plaintiffs of coverage options and in directing Plaintiff to the purchase of The Policy based upon the replacement cost aspect of the "Signature Plus" endorsement when Defendant Stover knew or should have known Defendant Harleysville would not pay replacement cost if claims for such were submitted by Plaintiffs.

28. As a direct and proximate result of Defendant Stover's professional negligence Plaintiff suffered damages as set forth hereinabove.

**WHEREFORE**, Plaintiffs prays that this Honorable Court declare by Order that the policy requires Defendant Harleysville to pay Plaintiffs full replacement cost for personal property lost as a result of the incident of August 19, 2012, that Plaintiffs be awarded actual and punitive damages, costs and attorneys' fees deemed appropriate by the Court and for such other and further relief as the Court deems just and proper.

Harrison, White, Smith & Coggins, P.C.

Wes A. Kissinger
SC Bar No.: 13949
178 W. Main Street
PO Box 3547
Spartanburg, SC 29304
(864) 585-5100

Attorneys for the Plaintiffs

Spartanburg, South Carolina

Nov. 13, 2014

5